# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK A. DAVIS,<br><br>　　　　　Plaintiff,<br>　　v.<br><br>DEPARTMENT OF VETERANS AFFAIRS, a public entity; JAMES NICHOLSON, Secretary of Veterans Affairs; and DOES 1 through 100, inclusive,<br><br>　　　　　Defendants. | Civil No. 05cv2273 J (WMc)<br><br>**ORDER DENYING DEFENDANT'S MOTION FOR LEAVE TO AMEND ANSWER [Doc. No. 27.]** |

On April 23, 2007, Defendant, the Honorable James Nicholson as the Secretary of Veteran Affairs, filed a Motion for Leave to File a First Amended Answer pursuant to Federal Rules of Civil Procedure 15(a) and 16(b). [Doc. No. 27.] On May 21, 2007, Plaintiff Mark Davis filed an Opposition to Defendant's Motion, and Defendant filed a Reply on May 25, 2007. [Doc. Nos. 28, 29.] This Court reviewed the papers filed and determined that the issues presented were appropriate for decision without oral argument. *See* S.D. Cal. Civ. R. 7.1(d)(1) (2006). For the reasons set forth below, this Court **DENIES** Defendant's Motion for Leave to File a First Amended Answer.

### *Background*

On December 13, 2005, Plaintiff filed a suit involving claims of discrimination brought under Title VII and the Rehabilitation Act of 1973. [Doc. No. 1.] On April 3, 2006, Defendant filed a motion to dismiss for lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted. (*See* Resp't Mot. Dismiss at 2-3.) This Court granted Defendant's motion to dismiss the complaint on August 22, 2006. (*See* Order Granting Mot. Dismiss at 3-4.) On October 17, 2006, Plaintiff filed a First Amended Complaint ("FAC"). [Doc. No. 13.] Defendant filed an Answer to the First Amended Complaint ("Answer") on October 30, 2006. [Doc. No. 19.]

On February 6, 2007, this Court issued an Amended Scheduling Order. [Doc. No. 25.] The Scheduling Order required that all motions to amend or new pleadings be filed by March 5, 2007, and set a date of October 26, 2007 as the cutoff date for all discovery. (*See* Scheduling Order at 2.)

In March of 2007, Defendant allegedly became concerned that his Sixth Affirmative Defense listed in his Answer may not have clearly stated a "same decision" defense. (*See* Def. Mot. for Leave to File First Am. Answer at 2.) On April 5, 2007, Defendant sent a letter to Plaintiff requesting that Plaintiff stipulate to Defendant filing the First Amended Answer containing a defense with the "same decision" language. (*See id.* at 3.) Plaintiff did not agree to the stipulation. (*See id.*)

### *Legal Standard*

Leave to amend a pleading shall be freely given when justice so requires. Fed. R. Civ. P. 15. The liberal policy favoring amendments found in Rule 15, however, is not applicable when a district court has established a deadline for filing amendments, through a Scheduling Order, pursuant to Rule 16(b). *See Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607-08 (9th Cir. 1992); Fed. R. Civ. P. 16. Once the Court has issued a Scheduling Order, the schedule cannot be modified except by leave of the court upon a showing of good cause. *See Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1294 (9th Cir. 2000). The Court may modify the pretrial schedule for good cause if it cannot reasonably be met despite the diligence of the party seeking

1  the extension.  *See Johnson*, 975 F.2d at 609.  While the existence or degree of prejudice to the
2  opposing party may provide additional reasons to deny a motion for leave to amend, the focus of
3  the inquiry should be upon the moving party's reasons for seeking modification.  *See id.*  If that
4  party was not diligent, the inquiry should end and leave to amend should not be granted.  *See id.*

### *Discussion*

6  Defendant seeks leave to amend his Answer to clarify the language of his Sixth
7  Affirmative Defense.  (*See* Def. Mot. for Leave to File First Am. Answer at 2.)  Defendant states
8  that while the language in the original Answer is sufficiently broad to include the "same
9  decision" defense that Defendant now wants to assert, he wishes to clarify the language to make
10 certain that there is no misunderstanding on the part of Plaintiff.  (*See id.* at 3.)

11 Defendant has not demonstrated good faith.  Defendant has had all available facts on
12 which he bases his affirmative defenses since Plaintiff filed his First Amended Complaint on
13 October 17, 2006.  Defendant waited to clarify the language of his Sixth Affirmative Defense
14 until April of this year, approximately six months after the FAC was filed and one and a half
15 months after the Scheduling Order deadline.  Defendant has also failed to offer a reasonable
16 explanation for waiting until after the scheduling order deadline lapsed to file the motion to
17 amend.  Defendant only states that it was at that time that Defendant realized he wished to
18 clarify his Answer.  This explanation, however, does not satisfy the more stringent standard
19 under Rule 16 that leave to amend is proper only if the party seeking the amendment cannot
20 meet the scheduled deadline despite due diligence.  *See Johnson*, 975 F.2d at 609.  Since
21 Defendant cannot prove that he acted with due diligence in attempting to meet the Scheduling
22 Order deadline, the inquiry should end, and leave to amend should not be granted.

23 Even assuming that Defendant had acted diligently, the amendment that Defendant seeks
24 is unnecessary at this time.  Defendant's Sixth Affirmative Defense states: "Defendant can
25 articulate legitimate reasons for its actions and Plaintiff cannot demonstrate that these reasons
26 are a pretext for unlawful discrimination."  (Def. Answer to FAC at 8.)  By Defendant's
27 reasoning, the language in his Sixth Affirmative Defense is sufficiently broad to include the
28 "same decision" defense.  While clarification may be helpful, it is not necessary at this time.

Plaintiff is not required to proceed on a single theory of discrimination. Additionally, in Plaintiff's Opposition, Plaintiff does not argue whether or not Defendant's original Sixth Affirmative Defense includes the "same decision" defense. If necessary, this Court will decide whether Defendant's Answer contains language sufficient to sustain the "same decision" affirmative defense at the appropriate time. However, Defendant has not demonstrated the due diligence necessary for the Court to grant leave to amend the Answer.

### *Conclusion*

For the reasons set forth above, the Court **DENIES** Defendant's Motion for Leave to File a First Amended Answer.

**IT IS SO ORDERED.**

DATED: August 3, 2007

_____
HON. NAPOLEON A. JONES, JR.
United States District Judge

cc:  Magistrate Judge McCurine
     All Counsel of Record